■ JACOB HABERSHAM, Respondent, v. RITA GRIMALDI et al., Appellants.— Order, entered on April 24, 1962 denying defendant's motion for a further physical examination, unanimously reversed in the exercise of discretion, with $20 costs and disbursements to appellants and the motion granted, with $10 costs. The nature of the claimed injury is such that the results of an objective test may be of great assistance in reaching a just disposition of the cause. While repetitive and harassing physical examinations are to be discouraged we do not consider the requested examination to be in that category. The examination by Dr. Seelig was the first by a hearing specialist. Several days after that examination he requested, without success, that the plaintiff submit to the " Galvanic Skin Response Test" here in issue. That test requires specialized equipment and technicians available only at a hospital and could not have been performed at the doctor's office. There is no indication that submission to the test will unduly burden the plaintiff or subject him to any danger. To the contrary the affidavit of Dr. Seelig states that the test is safe, without discomfort or pain, and of relatively short duration. Settle order on notice. Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of WILLIAM SULTAN v. ROBERT E. HERMAN, as State Rent Administrator.— Motions for reargument granted. Upon reargument the previous memorandum is recalled, the order entered thereon on October 9, 1962 vacated, and the following disposition directed. The order appealed from entered on April 6, 1962 is modified on the law as herein indicated, without costs to either party. We find no error in the acceptance of the sale price as a basis for computation under the 6% net annual return formula. The record indicates that essential services were being maintained in many of the apartments. We have no reason to reach a contrary finding. As to such apartments, 233 in number, increases were granted properly (cf. *Matter of Amson* v. *Temporary State Housing Rent Comm.*, 118 N. Y. S. 2d 639, affd. 281 App. Div. 1026). Seventeen of the orders granting individual rent increases were conditional in nature. That is, they provided that if the work specified therein were not done the increases granted would be revoked without further notice. We find no sanction in the law for such action — and in our view such increases were granted improperly (see L. 1961, ch. 337; Emergency Housing Rent Control Law, § 4, subd. 4, par. [d]; *Matter of Halperin* v. *Caputo*, 10 A D 2d 286). While there may be some question if the order of the Administrator may be divisible, we conclude in view of the *Matter of Amson* (*supra*), and the equities, that such divisibility should be permitted here. Concur — Botein, P. J., Breitel, Valente, Stevens and Steuer, JJ.

■ GEORGE M. CARR v. MAY W. HALL et al., as Executors of HARVEY M. HALL, Deceased.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Stevens, Eager, Steuer and Bergan, JJ.

■ In the Matter of BERTRAND D. GERBER v. MICHAEL J. MURPHY, as Commissioner of the Police Department of the City of New York.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.

■ WILLIAM H. HERNSTADT v. PROGRAMS FOR TELEVISION, INC.— Application denied, with $10 costs. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.